[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
FINDINGS AND ORDERS
Motion for Modification
1. Since August 12, 1996, the child support payable by the plaintiff has been $311 per week based on gross income of $980 per week for plaintiff and $152 per week for defendant.
2. There has been a substantial change in circumstances since August 12, 1996 in that the defendant is now employed full-time and the plaintiff has lost his employment at Carl Geary Son, Inc. and is now self-employed full-time as "The Caretaker."
3. Based on the actual gross income of The Caretaker for the months of September and October, 1997, the plaintiff's average gross weekly income before business expenses was $1057. per week. Business expenses averaged $245 per week. Therefore, the plaintiff's average gross personal income is $812 per week. The court notes that the plaintiff admitted he is sometimes paid for his work in cash, which would be in addition to this reported income. There was no evidence as to the amount of the cash income received by the plaintiff.
4. The defendant's current gross personal income from full-time employment is $440 per week. CT Page 11516
5. Child support calculated under the Child Support Guidelines based on these incomes is $225 per week from the plaintiff.
6. The court orders that the plaintiff shall pay child support to the defendant in the amount of $225 per week effective September 15, 1997, the date of his motion for modification.
Motion for Contempt
1. The parties stipulated that the arrearage owed by the plaintiff is $1905.
2. The plaintiff seeks a credit against the arrearage in the amount of $520.32. The plaintiff paid $520.32 to satisfy a credit card debt which was the defendant's responsibility.
3. The court orders that $520.32 be credited against the arrearage, for a net arrearage of $1384.68. The court orders that the plaintiff pay the defendant $25 per week against the arrearage.
VERTEFEUILLE, J.